UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SOFAER GLOBAL HEDGE FUND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:09-CV-01191-TWP-DML |
| | ) | |
| BRIGHTPOINT, INC. and | ) | |
| ROBERT J. LAIKIN, | ) | |
| | ) | |
| Defendants. | ) | |

## Order on Defendants' Motion to Compel

This matter is before the court on the motion of defendants Brightpoint, Inc. and Robert J. Laikin (unless otherwise distinguished, referred to collectively as "Brightpoint") to compel the production of documents by plaintiff Sofaer Global Hedge Fund ("Sofaer"). (Dkt. 56).

This case concerns a $10 million loan by plaintiff Sofaer to a company named Chinatron Group Holdings, Ltd. ("Chinatron"). Sofaer alleges that it made the loan based on representations made to Sofaer by defendant Brightpoint, through Laikin, that Brightpoint intended to purchase from Chinatron its subsidiary company, Mobiltron Europe S.A.S. ("Mobiltron France").[1] Sofaer claims that the defendants' alleged representations were not true, that Brightpoint then did not purchase Mobiltron France from Chinatron, and without those purchase proceeds, Chinatron defaulted on the $10 million loan from Sofaer. Sofaer then acquired Mobiltron France from Chinatron in partial (or perhaps full) satisfaction of its loan to Chinatron. Thus, Mobiltron France is now a wholly-owned subsidiary of plaintiff Sofaer.

---
[1] Mobiltron is a French company.

Brightpoint's motion to compel asks the court to order that Sofaer produce:

(i) Documents in the possession of Mobiltron France that are responsive to Brightpoint's document requests;

(ii) Responsive documents from the files of Sofaer employees Mr. Helm, Mr. Atkinson, Mr. Philip Sofaer, Mr. Garran, Mr. Browne, Mr. Frost, Ms. Dagg, Ms. Lueng, Ms. Peters, Mr. Shale, Mr. Masri, Mr. Khoo, Mr. Lim;

(iii) Documents in the possession of The Citco Group of Ireland;

(iv) Due diligence materials relating to loans made by Sofaer between June 2005 and June 2008;

(v) A valuation analysis and related documents prepared and/or used by Mr. Carl Linderum, an analyst at Sofaer who Sofaer asked to evaluate Mobiltron France from a valuation perspective; and

(vi) Complete copies of certain emails, including their attachments.

Sofaer has made three central arguments in opposing Brightpoint's motion: that producing documents in Mobiltron France's possession would violate French law; that some of the documents Brightpoint seeks do not exist or are not likely to exist; and that Sofaer should not be required to search for responsive documents in files other than those maintained by its principal, Michael Sofaer, because Michael Sofaer was the only person involved with Brightpoint, Chinatron, and Mobiltron France.

Rule 26 of the Federal Rules of Civil Procedure allows parties to obtain discovery of any "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant" is a broad term for discovery purposes, and encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

In responding to a motion to compel discovery, the party that objects to a discovery request bears the burden of showing, with specificity, why the discovery request is improper.

*Graham v. Casey's General Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002). Even though the scope of discovery is relatively broad, the court may limit discovery when the burden or expense of the discovery outweighs its likely benefit after considering "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

### **Documents in Mobiltron France's Possession**

Parties are required to produce all relevant, non-privileged, and responsive documents within their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Sofaer does not dispute, and indeed concedes, that documents in the possession of Mobiltron France, its wholly-owned subsidiary, are within Sofaer's control. In fact, Sofaer has obtained some documents from Mobiltron France specifically for its use in the prosecution of its claims against Brightpoint. Though Sofaer produced to Brightpoint any documents that Sofaer obtained from Mobiltron France, Sofaer opposed Brightpoint's motion to compel on the grounds that Sofaer cannot require Mobiltron France to give Sofaer the documents the defendants have requested without violating a French Blocking Statute. More recently, however, in a letter to the court dated October 22, 2010 (Dkt. 71), Sofaer withdrew "its objection to defendants' request for an order compelling the production of responsive, non-privileged documents in the possession, custody or control of Mobiltron France." The court orders the production of those documents.

### **Documents Contained in Files Maintained by Certain Sofaer Employees**

Brightpoint also seeks an order that Sofaer must search paper and electronic files, and produce responsive documents located through the search, of all current and former employees likely to possess responsive documents. Brightpoint listed the following persons as within this category: Mr. Helm, Mr. Atkinson, Mr. Philip Sofaer, Mr. Garran, Mr. Browne, Mr. Frost, Ms.

3

Dagg, Ms. Lueng, Ms. Peters, Mr. Shale, Mr. Masri, Mr. Khoo, and Mr. Lim. Brightpoint contends that other documents it has seen indicate that these persons served in capacities for Sofaer that suggest their files (or files they formerly maintained, in the case of former employees) may contain documents responsive to the document requests. Sofaer argues that the only person who had any involvement in discussions regarding Sofaer's loan to Chinatron, including discussions with the defendants, was Michael Sofaer, and therefore it can limit its search for responsive documents to his paper and electronic files. As of the date Brightpoint filed its motion to compel, that search had resulted in 94 pages of documents, and none in categories that the defendants argue are central to the dispute (e.g., a piece of paper or email discussing or referencing the statements by the defendants upon which Sofaer claims it relied in making the $10 million loan to Chinatron). The paucity of documents indicates that the search undertaken by Mr. Sofaer to satisfy Sofaer's discovery obligations was not thorough.

Sofaer is obligated to make a thorough search of its paper and electronic files (and those of Mobiltron France) for documents responsive to Brightpoint's document requests. Brightpoint's list of 13 persons that the public records indicate may have responsive documents is a short list, and Sofaer has not convinced the court that there is no possibility that the paper documents or electronic documents, including emails, maintained by these persons could be responsive.[2] For three of these persons, Sofaer states that it no longer has access to many of their electronic files (excluding emails, for which Sofaer apparently still does have access and

---

[2] In fact, according to Sofaer's opposition brief, Sofaer has engaged its IT provider to search the email boxes and personal electronic file folders of all the individuals that Brightpoint identified. The defendants' motion to compel also states that Sofaer should be compelled to search the files of "all" employees of Sofaer and Mobiltron. It is generally not reasonable to require a party to review for responsiveness every single document it has. The defendants have not provided the court with any basis for ordering Sofaer to make a search beyond those ordered here. If the defendants, through discovery, learn of other Sofaer employees reasonably likely to possess responsive documents, it may request Sofaer to search that person's files.

4

has searched since the defendants' filing of their motion to compel) because they are former employees and when they left Sofaer's employ, Sofaer wiped their computers clean and gave the "clean" computers to other employees. A party obviously cannot produce documents that do not exist. When documents that once existed no longer do, the issue is not one resolved through a motion to compel; it could, under certain circumstances, raise potential evidentiary issues not presently before the court.

The court orders Sofaer to conduct searches of the electronic and paper files of the identified employees and to produce documents from those searched that are responsive to Brightpoint's document requests.

**The Citco Group of Ireland Documents**

With respect to documents possessed by The Citco Group of Ireland or unidentified "others" with whom Michael Sofaer discussed the Chinatron loan (Brightpoint's memorandum at 19), Brightpoint has not provided a sufficient factual or legal basis to permit the court to conclude that those documents are within Sofaer's "control" within the meaning of Rule 34.

The court denies Brightpoint's motion to compel Sofaer to produce documents in the possession of The Citco Group or the unidentified "others."

**The Valuation Performed by Sofaer Employee Carl Linderum**

Carl Linderum, a person formerly employed by Sofaer, prepared a valuation analysis of Mobiltron France, and Brightpoint wants his valuation analysis and the documents he prepared or reviewed in connection with that work. Sofaer agrees with Brightpoint, as it must, that these document requests seek relevant information. Sofaer contends, however, that it has conducted a reasonable search for these documents and has not found them. It surmises that responsive documents may have been discarded a year before Sofaer filed its complaint when Mr. Linderum

5

left Sofaer and his computer was "wiped clean" and given to another employee. This situation therefore leads to the same conclusion addressed above in connection with the files of former Sofaer employees.

The court denies Brightpoint's motion as to the Linderum documents based on Sofaer's representation that it has searched for them and they are missing.

**Documents Related to Due Diligence Performed by Sofaer for Loans**

Brightpoint's request number 16 seeks documents related to any due diligence by Sofaer for loans in the three-year period from June 2005 to June 2008 (surrounding the date of the December 2007 loan by Sofaer to Chinatron). The defendants seek this information to paint a picture of Sofaer's usual lending practices since Sofaer has stated that it has no written guidelines, policies, procedures, or requirements with respect to credit analysis or evaluation, due diligence, underwriting, or the extension of credit.

This litigation concerns whether Sofaer would have made the $10 million Chinatron loan absent representations by the defendants. Sofaer's practices for other loans may provide grist to defense theories that their alleged representations did not play the role Sofaer says they did in the decision to lend money to Chinatron. Sofaer has failed to show that the burden of producing documents related to other loans outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii); *Graham v. Casey's General Stores,* 206 F.R.D. 251, 254 (S.D. Ind. 2002) (party opposing discovery bears the burden of showing that the request is improper). According to Sofaer, it has made loans only on rare occasions; thus, the scope of the request is narrow.

The defendants are entitled to the "other loan" documents they seek. Sofaer is ordered to produce its documents responsive to the defendants' document request number 16.[3]

**Emails and Their Attachments**

Brightpoint has identified numerous emails for which their attachments have not been produced or the full email string is missing. Sofaer's excuse for not producing the attachments or the full email string is that Sofaer searched only Michael Sofaer's emails, and his emails did not always include attachments or the full email string. Sofaer agrees that a search of Mobiltron France's files should turn up the complete emails, including their attachments. Sofaer is ordered to search those files and produce responsive documents from them. The defendants' motion to compel the production of the attachments to emails and original correspondence described in emails already produced is granted.

**Rule 37 Sanctions**

Defendants Brightpoint and Laikin ask the court, as a discovery sanction, to dismiss Sofaer's complaint because, in their view, Sofaer is guilty of "repeated, willful efforts to hide evidence." That request is denied. Sofaer's discovery conduct does not warrant dismissal of its complaint. Short of dismissal, Brightpoint and Laikin seek an award of their attorneys' fees in bringing their motion to compel. Sofaer seeks its fees in opposing the motion.

Rule 37(a)(5) is a fee-shifting rule, requiring the loser on a motion to compel to pay the opponent's fees unless he demonstrates that his position was substantially justified or that other circumstances make a fee award unjust. *See* Rule 37(a)(5)(A)(ii)-(iii); Rule 37(a)(5)(B). *Rickels v. City of South Bend,* 33 F.3d 785, 787 (7th Cir. 1994). When a motion to compel is granted in

---

[3] Apparently, Sofaer has already begun to search for these documents. Its opposition to the defendants' motion states that Sofaer has begun to search for documents related to due diligence performed by it for loans made between June 2005 and June 2008.

7

part and denied in part, the court may apportion the reasonable expenses for the motion. Rule 37(a)(5)(C).

The court finds that Sofaer's opposition to the defendants' motion to compel was, in the main, not substantially justified, and that Sofaer has not shown that other circumstances make a fee award unjust. Central to Sofaer's opposition was its insistence that a French Blocking Statute prevented it from complying with its discovery obligations to produce all documents in its possession, custody, or *control.* However, Sofaer did not provide the court with the citation to a single case or other authority to support its view—a view that was an about-face from the position it took in the case management plan. In the CMP, Sofaer stated that it would not require the defendants to undertake Hague Convention or nation-specific discovery procedures and would cooperate "in every way to simplify and expedite discovery." But when it came time to cooperate in discovery, Sofaer resisted and tried to make Brightpoint prove that the French Blocking Statute was *not* an obstacle to Sofaer's discovery obligations. Sofaer, the party relying on foreign law to resist producing documents, had the burden to provide the court with legal authority that would permit the court to conclude that the discovery sought by the defendants was indeed prohibited by the French Blocking Statute, and that the interests of comity warranted relieving Sofaer from complying with Rule 34. *See Dexia Credit Local v. Rogan,* 231 F.R.D. 538, 541 (N.D. Ill. 2001); *In re Aircrash Disaster Near Roselawn,* 172 F.R.D. 295, 310 (N.D. Ill. 1997) (party resisting discovery did "not clearly establish[] that the information sought would, in fact, be in violation of . . . French" law). Sofaer provided no authority at all, and pointed merely to Brightpoint's statements in the CMP that the French Blocking Statute could make discovery difficult, and require the defendants to resort to Hague Convention procedures. At the same

8

time, Sofaer professes to have no idea whether the defendants' understanding of French law is accurate. (Dkt. 59 at p. 8).

While Sofaer has told the court that it should not be required to incur a risk that it would violate French law, Sofaer has not told the court what the French Blocking Statute even *says*, nor has it explained the risk it would actually face if it obtained documents possessed by Mobiltron France and produced them. The court notes that when it suited Sofaer to support its own claims, Sofaer obtained documents possessed by Mobiltron France and produced them.

Sofaer's refusal to review documents other than within the electronic and paper files of Michael Sofaer, and allowing Mr. Sofaer to control and conduct the search for all responsive documents, was also not substantially justified. The scant amount of documents garnered through that process, the inability to locate highly relevant and responsive documents (such as the notes and analysis done by Mr. Linderum), as well as the overall resistance to discovery (highlighted by the refusal to get the documents in Mobiltron France's possession except as it suited Mr. Sofaer's needs), should have alerted counsel that a more substantial effort must be made to search for and locate responsive documents. Although Sofaer undertook some searches broader than Michael Sofaer's files, that occurred only under the threat and filing of the defendants' motion to compel.

The court also finds that Sofaer's resistance to producing the "other loan" due diligence documents was not substantially justified. Its burdensomeness objection was thin, given its revelation that other loans were a rare event. The relevance objection was meritless too. Brightpoint gave Sofaer a logical theory for relevance; Sofaer's belief that the documents will not turn out to be probative of Brightpoint's theory does not make them irrelevant for discovery purposes.

Sofaer was justified in refusing Brightpoint's demand that Sofaer produce documents possessed by The Citco Group of Ireland. The defendants did not bother to mention these documents in their motion, and their memorandum does not cite any authority to show that the documents are in Sofaer's control for purposes of Fed. R. Civ. P. 34(a)(1). As to the remaining category of documents addressed by Brightpoint's motion to compel—Mr. Linderum's documents—Sofaer cannot produce what it doesn't have. The defendants' suspicions of spoliation, or the possibility that Mr. Linderum or others could shed light on what happened to the documents, are matters the defendants may choose to explore in discovery. The defendants' loss on these two issues (neither of which appeared to require much ink in the parties' papers) will be taken into account in connection with the fee award in Brightpoint's favor on the remaining issues.

## Summary

The defendants' motion to compel is GRANTED in part and DENIED in part. Sofaer shall produce to the defendants within 15 days of this order (1) all documents in the possession of Mobiltron France that are responsive to the defendants' discovery requests; (2) all paper and electronic documents in files maintained by (or, in the case of former employees, were maintained by) the Sofaer employees identified by the defendants, and which are responsive to the defendants' requests; (3) the documents responsive to request number 16; and (4) the complete emails with attachments identified by the defendants. Sofaer is not required to seek out documents possessed by The Citco Group of Ireland. The documents prepared, used, or reviewed by Mr. Linderum in connection with his valuation are relevant and subject to production; however, based on Sofaer's representation that the documents are missing or were

destroyed, the court is unable to order their production. Finally, Sofaer is ordered to pay the defendants their reasonable fees in bringing the motion to compel.

The defendants shall provide to Sofaer within 10 days of this order a claim for fees, with supporting documentation, and which takes into account that the defendants did not prevail on all issues. The parties shall then attempt to resolve the defendants' fee claim and, if they are unable to resolve the claim between themselves within 28 days of this order, the defendants shall present their fee request to the court by motion within 35 days of this order. Briefing will then proceed under Local Rule 7.1.

SO ORDERED.

Date: 11/12/2010

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Richard G. Baldwin
FOLEY HOAG, LLP
rbaldwin@foleyhoag.com

A. Richard Blaiklock
LEWIS & WAGNER
rblaiklock@lewiswagner.com

James V. Masella III
BLANK ROME, LLP
jmasella@blankrome.com

Matthew L. Rea
HALL RENDER KILLIAN HEATH & LYMAN
mrea@hallrender.com

Robert Francis Wagner
LEWIS & WAGNER
rwagner@lewiswagner.com

Brandon F. White
FOLEY HOAG LLP
bfwhite@foleyhoag.com